# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11 CR 769-2 |
| ) | |
| **GLEN GILLETTE**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Glen Gillette ("Gillette") who is currently serving a custodial sentence imposed by this Court on October 29, 2013 for an offense involving cocaine, is among the almost innumerable federal prisoners who have sought to invoke the provisions of the Sentencing-Guidelines-lowering provisions scheduled to become applicable on November 1, 2015 to persons who have been convicted of federal drug trafficking offenses (indeed, the recently-received pro se motion brought by Gillette has used a standard format but has inserted the particulars applicable to him (date of sentence, term of imprisonment, nature of the drug, drug offense level and the existing and putative Sentencing Guideline ranges).[1]

As this District Court's just-issued Amended General Order 14-0023 (a copy of which is attached to this memorandum order) reflects, our court has just established a uniform procedure applicable to motions such as Gillette's. In accordance with that General Order, this Court

---

[1] This should not be misunderstood as critical of Gillette's procedure. With the proposed Sentencing Guidelines change (including the question of as to its retroactive effect) being as complex and technical as it is, any nonlawyer prisoner could scarcely be criticized for doing what Gillette has done.

appoints this District Court's Federal Defender Program as counsel for Gillette. As the General Order indicates, Gillette's case (like all others) will be given appropriate consideration as part of the total group of such movants, with the appointed Federal Defender Program relied upon to monitor whatever issues (including priority) require attention.

                                                                    Milton I. Shadur
                                                                    Senior United States District Judge

Date: December 5, 2014

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
AMENDED GENERAL ORDER 14 - 0023**

**In Re: Petitions for Reduction of Imposed Sentences for
Retroactive Application of Amendment 782
Reducing Drug Quantity Table in USSG 2D1.1**

It appearing that on April 10, 2014, the United States Sentencing Commission voted to reduce by two levels the base offense levels associated with various drug quantities involved in trafficking offenses covered by Sentencing Guideline 2D1.1 (Amendment 782); and

It further appearing that on July 18, 2014, the Sentencing Commission voted to amend Sentencing Guideline 1B1.10 to extend Amendment 782's reductions to defendants who are serving terms of imprisonment for drug-related crimes, with a requirement that any such reduced sentence cannot take effect until November 1, 2015; and

It further appearing that both amendments are effective November 1, 2014, and that is it in the interest of efficient judicial administration for consistent procedures be followed in the handling of requests seeking a reconsideration of a sentence pursuant to Amendment 782; therefore

It is hereby ordered that the procedures listed below will apply to any such request filed with this Court in both the Eastern and Western Divisions.

1. It is ordered that the Federal Defender Program for the Northern District of Illinois is appointed generally for all cases arising in this district under 18 U.S.C. Section 3582 where the defendant desires appointment of counsel and financially qualifies for such appointment.

2. It is hereby ordered that, upon request, the Probation Office shall disclose to the United States Attorney's Office and the Federal Defender Program any documents necessary for resolution of any motion made or to be made pursuant to 18 U.S.C. §3582. Such documents may include 1) pre-sentence investigation reports; 2) judgment orders; and 3) statements of reasons. All other restrictions that normally apply to dissemination of any of these kinds of records remain in effect.

3. Representatives from the United States Attorney's Office for the Northern District of Illinois and the Federal Defender Program shall confer to identify petitioners who may be eligible for sentence reconsideration. In those cases where an agreement is reached as to a specific sentence, the parties shall file a statement with the Court indicating the agreement of the parties. In cases in which there is no agreement, defense counsel may file any document defense counsel deems appropriate. Government counsel should be given an opportunity to respond to

ATTACHMENT

whatever motion defendant files before the court takes action. The court will then take appropriate action, depending on the nature of the document and the remedy sought.

4. For cases where the sentencing judge is no longer sitting, and an agreed motion to reduce the sentence is filed by the United States Attorney and the Federal Defender Program, the agreed motion will be considered by the Amendment 782 Committee judges. All other cases subject to this order shall be assigned pursuant to Local Rule 40.3(b)(5).

5. The Clerk of Court is directed to send copies of this order to the Federal Defender Program and the United States Attorney and to post this order to the Court's website.

6. The Clerk of Court is further directed to provide notice to the Federal Defender and the United States Attorney in each case relevant to the issues discussed in this order and to send a copy of this order to the petitioner seeking a reduced sentence pursuant to Amendment 782.

7. The judges assigned to these cases may now order briefings on the motions, as the stay has expired.

8. The United States Attorney's Office shall provide the Court the following information with their agreed motions for sentence reduction, or when requested by the Court: The defendant's current term of imprisonment and projected release date, the total offense level, criminal history category, and guideline range applicable to the defendant at the time of sentencing, and the total offense level and guideline range applicable to the defendant as a result of Amendment 782.

**ENTER:**

**FOR THE COURT**

_____
Hon. Rubén Castillo, Chief Judge

Dated at Chicago, Illinois this 5th day of December, 2014